UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL DARRYL SWAIN (#118413)

VERSUS                                          CIVIL ACTION

PERRY RUSHING, ET AL                            NUMBER 13-106-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 3, 2013.

                                    /s/ Stephen C. Riedlinger
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL DARRYL SWAIN (#118413)

VERSUS                                                      CIVIL ACTION

PERRY RUSHING, ET AL                                        NUMBER 13-106-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to pay the court's filing fee. Record document number 8.

Pro se plaintiff, while an inmate confined at Livingston Parish Detention Center, Livingston, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Perry Rushing, Chief of Security Tom Martin, Livingston Parish Sheriff Jason Ard and Livingston Parish President Layton Ricks. Plaintiff alleged that he notified prison officials that he changed his religious affiliation to Islam and requested several religious items. Plaintiff alleged that he was advised that the items he requested were not permitted. Plaintiff alleged that he requested to be transferred to another prison facility.

On March 4, 2013, the plaintiff was ordered to pay an initial partial filing fee in the amount of $4.73 within 20 days.[1] The

---

[1] Record document number 5.

order clearly notified the plaintiff that it was his responsibility to pay the initial partial filing fee.[2]

On April 18, 2013, the plaintiff was ordered to show cause on May 3, 2013, why his complaint should not be dismissed for failure to pay the filing fee.  In addition to filing a written response, the plaintiff was ordered to file copies of his inmate account statements for the months of February, March and April 2013. Although the plaintiff was placed on notice that the failure to respond to the order and to file the monthly statements may result in the dismissal of his complaint, he failed to respond to the order.

The monthly account statements contain information regarding the plaintiff's daily account activity.  Specifically, the account statements contain information regarding deposits, withdrawals and canteen purchases.  The information contained in the monthly statements would show whether the plaintiff had money to spend following the issuance of the order to pay the filing fee and whether the plaintiff spent the money on something other than the filing fee.

---

[2] *Id.* at 1-2:
**Plaintiff** shall be required to pay an initial partial filing fee and thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid.
   IT IS FURTHER ORDERED that within 20 days from the date of this order the **plaintiff shall pay an initial partial filing fee ...   It is the plaintiff's responsibility to pay the initial partial filing fee.**
(emphasis added).

Because the plaintiff failed to pay the court's initial partial filing fee, and failed to respond to the show cause order and file the account statements as required, the complaint should be dismissed without prejudice.[3]

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, June 3, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] A dismissal without prejudice would not operate as a with prejudice dismissal in this case due to the one year time limit to file suit under § 1983.  Plaintiff alleged that the interference with the practice of his religious beliefs took place on February 12, 2013.  Plaintiff still has ample time to file another complaint asserting his First Amendment claims.